EDMONDSON, Circuit Judge,
concurring in the result in part, and dissenting in part:
I concur in the result, except I dissent from that part of the decision requiring LSSI to be added as a defendant.
I do not understand the district judge’s opinion and—more important—his decision about LSSI in the same way that today’s court responds to what he wrote. I do not understand, for example, that the district judge held that plaintiffs motion to join LSSI was timely filed. The district judge wrote that the motion was filed after the statute of limitations had’ “expired”; so, in this sense at least the motion was untimely. And I cannot say that the district court erred in finding that plaintiffs “inexcusable neglect” was the reason LSSI was not earlier named as a party: the burden was on plaintiff, as the movant, to show cause for her neglect and the delay. As I understand the law, Civil Rule 15(a) controls whether or not a party will be joined; and in the light of Civil Rule 15(a), I cannot say the district court abused its discretion in denying plaintiffs motion to join LSSI.
About 42 U.S.C. § 1981, I accept that it includes claims for retaliation such as this one. In this circuit, a retaliation claim was part of our section 1981 law pre-Patterson. (By the way, this view—whether accurate or inaccurate—of the law seems to have been prevalent in the federal courts nationwide.) And, I think that Congress in the 1991 Civil Rights Act did not intend to cut back on section 1981’s scope as the scope was understood before Patterson.